HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HILARIO VARGAS and MARIA VARGAS, each individually and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. C07-5082RBL<br><br>ORDER DENYING MOTION TO COMPEL DEFENDANT TO PAY REPLACEMENT COST HOLDBACK |

THIS MATTER comes before the above-entitled Court on Plaintiffs' Motion to Compel Defendant to Pay Replacement Cost Holdback [Dkt. #36]. The Court has reviewed the materials filed for and against the motion and has heard oral argument of the parties. For the following reasons, the motion is DENIED.

**STATEMENT OF FACTS**

Hilario and Maria Vargas ("Vargas") own a home located at 139 Summerside Drive, Centralia, located in Lewis County, Washington. To protect their home, Vargas purchased a replacement cost homeowner's insurance policy from Allstate Insurance Company. The on-going dispute between the parties began when Vargas' home caught fire on May 14, 2006, causing substantial damage to the structure of the home as well as substantial damage to and loss of almost all Vargas' personal property contained in the home. Vargas immediately notified Allstate of the fire and the loss.

Vargas retained the services of a public adjuster, Casualty Loss Consultants, Inc. Mr. Jack

Thomas, President of Casualty Loss Consultants, Inc. immediately requested a certified copy of the insurance policy. In October 2006, five months after the fire and after numerous requests, Allstate finally sent the requested copy of the policy.

On August 17, 2006, prior to receipt of the certified copy of the policy, the Vargas' public adjuster sent Allstate an estimate for damage to the building and inventory of personal property destroyed in the fire. On August 22, 2006, Allstate acknowledged receipt of the contents inventory and issued a blanket statement that "the inventory was being disputed."

More than a month after the submission of the Vargas contents inventory, Allstate requested credit card and bank statements to verify the "new" items listed in the inventory. The Vargas' could not comply with this request because they purchased most of their personal property with cash and all receipts had been burned in the fire.

In early October 2006, Vargas' public adjuster informed Allstate that Vargas had moved a few personal property items of high value, not completely destroyed in the fire, from the burned house to a more secure location. Allstate was specifically invited to make arrangements to view these items at their new location. Allstate failed to send anyone to the house site to perform any investigation regarding the destruction of personal property items.

On October 26, 2006, after receipt of the certified copy of the policy, Vargas submitted a claim with proof of loss, inclusive of separate claims under the building/dwelling and the personal property provisions of the policy. Four days later, Allstate affirmed that the claim with proof of loss properly fulfilled the terms and conditions of the policy. Allstate again disputed the Vargas' personal property claim in its entirety. On November 2, 2006 the Vargas' public adjuster again invited Allstate to inspect the removed items at the secure location and the damaged contents at the loss site. An appointment was set for an Allstate adjuster to travel from Bothell to Centralia to inspect the damaged items. Half an hour prior to the scheduled meeting time, the Allstate adjuster cancelled the meeting.

On November 30, 2006, Vargas through the public adjuster, demanded an appraisal regarding both the personal property and building claims, notifying Allstate that Mr. John Engel had been appointed as the insureds' appraiser. On December 4, 2006, Allstate appointed Mr. Darrell Lee as Allstate's appraiser. Allstate subsequently filed a Motion to Appoint Umpire. Allstate first requested the Vargas' to submit to

an examination under oath several weeks after the King County Superior Court appointed an umpire.

Shortly after demanding appraisal, the Vargas building claim was removed from the appraisal proceedings. During the time Allstate continued to dispute the Vargas personal property claim, negotiations continued regarding the Vargas building claim. On January 23, 2007, Allstate's adjuster sent Mr. Thomas a letter which read as follows:

> "Per our telephone conversation, we have agreed to pay up to policy limits of the dwelling in the amount of $299,844 plus 20% extended limits and 5% additional for the debris removal for a total of $374,805. We have already paid $257,548.17 actual cash value toward the dwelling leaving an FRC balance of $117,256.83. Let me know when repairs are substantially complete."

On March 5, 2007, Allstate again requested plaintiffs' examinations under oath in accordance with the terms of plaintiffs' policy of insurance. In accordance with the terms and conditions of plaintiffs' policy, Allstate also requested that plaintiffs produce certain documents necessary to Allstate's coverage investigation and to facilitate the examination under oath process. Allstate sent letters dated March 26, 2007, March 30, 2007, June 11, 2007, July 11, 2007, August 21, 2007, August 27, 2007 and September 13, 2007. All of these letters were attempting to obtain information regarding the claim through the use of the examinations under oath process. After several numerous delays, Allstate was finally forced to bring a Motion for Summary Judgment.

In response to Allstate's motion, this Court ordered plaintiffs to submit to the examination under oath as required under the terms and conditions of the policy. Those examinations began on March 27, 2008. As a result of the examinations under oath and Allstate's review of receipts from Ehli Auction House, Allstate concluded that the plaintiffs had misrepresented and concealed material facts regarding their personal property claim. Allstate takes the position that pursuant to the provisions of the policy, the policy is void. Allstate has denied coverage for the building and its contents.

## **DISCUSSION**

Plaintiffs claim that the letter of January 23, 2007 constitutes a full accord and satisfaction on that portion of the claim related to the building itself. They cite *Oregon Mutual Ins. Co. v. Barton*, 109 Wn. App. 405, 36 P.3d 1065 (2001) and contend that since the letter does not include a reservation of rights, the settlement is final and they are entitled to the holdback amount per the policy provision.

Allstate directs the Court's attention to *Mutual of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 757

P.2d 499 (1988) and *Johnson v. Allstate Ins. Co.*, 126 Wn. App. 510, 108 P.3d 1273 (2005), for the proposition that where an insured conceals or misrepresents a material fact or circumstance relating to insurance, whether before or after the loss, the policy is void and the insurer is entitled to recover payments made as a result of the loss. The Court concludes that this issue is controlled by *Cox* and *Johnson*. Specifically, the *Barton* court distinguished *Cox* by noting that "in *Cox*, the claims process was still ongoing when Dr. Cox made his misrepresentations. The company's payments to Dr. Cox were partial payments, not a full and final settlement. The dubious aspects of the claims remained open and in dispute. Here [in *Barton*], there was no partial payment. All disputes were resolved by the settlement." 109 Wn. App. at 415-416.

In the case before this Court, the dubious portions of the claim remained open and in dispute, as they were in *Cox*. The payment that was made by Allstate was partial and not a full payment for the loss incurred by the Vargas' as a result of the fire. The policy is not severable as between the loss of the building and the loss of its contents. All disputes have not been resolved by the parties as a result of the January 23, 2007 letter. Accordingly, with or without reservation of rights language accompanying it, the prior payment for the structural loss is still subject to the policy provision voiding coverage for fraud or misrepresentation before or after the loss.

The plaintiffs' Motion to Compel Defendant to Pay Replacement Cost Holdback [Dkt. #36] is **DENIED**.

Dated this 28th day of November, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE